Fox, Appellant, *v.* Cox.

Argued March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Abraham J. Levinson,* for appellant.

*Joseph Rappaport,* with him *Rappaport & Lagakos,* for appellee.

OPINION BY ERVIN, J., April 13, 1961:

Plaintiff-appellant sued in assumpsit to recover the sum of $2,000.00 for breach of the following written contract: "This is to certify that at my request there was submitted to me for consideration as a purchaser by Bill Fox the business establishments and/or real estate set forth above. In consideration of the services rendered to me by Bill Fox, in submitting the foregoing, I agree that I will submit any offer or offers for purchase for the foregoing through Bill Fox, and in the event I fail to submit such offer or offers through Bill Fox, and I purchase any of the foregoing directly or indirectly, within one year from date hereof, then I agree to pay Bill Fox Five (5%) Per-cent of the purchase price of the business establishments and/or Five (5%) Per-cent of the purchase price of the real estate." Four establishments were listed on the above agreement, including Wheeler Inn, price $55,000.00.

At the jury trial plaintiff proved that the agreement was entered into on February 25, 1957; that defendant, James Cox, entered into an agreement to purchase the business and real estate of Wheeler Inn for a consideration of $40,000.00, which agreement was thereafter assigned to Wheeler Bar, Inc. At the trial the judge refused to permit the defendant to offer evidence of the exclusive agency agreement whereby the plaintiff was constituted an exclusive agent for the sale of the Wheeler Inn and had instituted suit against the owner for said commission. The trial judge directed a verdict for the plaintiff in the sum of $2,-

000.00. Defendant filed a motion for a new trial. From the grant of this motion the plaintiff appealed.

It is our opinion that the action of the court below must be affirmed.

In his amended answer the defendant averred that the owner (of Wheeler Inn) cancelled the contract of agency with plaintiff for the sale of said business by written notice under date of March 15, 1957, in accordance with the terms of the exclusive agency agreement. At the trial the defendant was not permitted to show the exclusive agency agreement and was also prevented from showing its cancellation. This error made necessary the grant of a new trial. Restatement, Agency 2d, §387, provides: "Unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency."

Plaintiff's principal (the owner of Wheeler Inn) has by his agent's conduct in demanding the signing of such an agreement as was sued upon in this case, suffered substantial detriment as follows: (a) Broker is duty bound to reach largest market and exert every effort to produce a buyer. Requiring the execution of an agreement at which some prospects would balk, defeats the very purpose for which the broker has been engaged. Agent's act restricted the market for owner's property. (b) The exclusive agency agreement which plaintiff had for sale of Wheeler Inn terminated on March 15, 1957. The agreement requiring defendant to submit an offer for Wheeler Inn only through plaintiff ran until February 25, 1958. For the eleven-month-ten-day period from March 15, 1957 to February 25, 1958 we have this result: If defendant submitted an offer for Wheeler Inn through plaintiff the owner could not accept it without making himself liable to two commissions, one to plaintiff and one to Peter Garrity, the new exclusive agent for the sale of

Wheeler Inn. On the other hand, if defendant submitted an offer through Garrity, then he was liable to plaintiff under the agreement herein sued upon. It is as clear as crystal that plaintiff, in compelling defendant to enter into this agreement, was not acting solely for the benefit of his principal, the owner of Wheeler Inn.

The defendant was prevented from showing all of this by the action of the court below and this could be cured only by the granting of a new trial.

Because of our disposition of the case on this point, it will be unnecessary to consider whether the contract was nudum pactum.

Order affirmed.